ACCEPTED
15-25-00048-CV
FIFTEENTH COURT OF APPEALS
AUSTIN, TEXAS
5/1/2025 2:18 PM
CHRISTOPHER A. PRINE
CLERK

**CAUSE NO. 15-25-00048-CV**

FILED IN
15th COURT OF APPEALS
AUSTIN, TEXAS
5/1/2025 2:18:13 PM
CHRISTOPHER A. PRINE
Clerk

**IN THE COURT OF APPEALS
FIFTEENTH DISTRICT OF TEXAS AT AUSTIN**

---

**SEED TO HARVIST REAL ESTATE, LLC, Appellants**

**v.**

**CAROLYN TURNER, Appellee**

---

*On Appeal from the 44th District Court, Dallas County, Texas Cause No. DC-22-05065*

---

**MOTION TO DISMISS APPEAL FOR LACK OF JURISDICTION**

---

Chad A. Norcross
SBN:24039513
NORCROSS LAW
9288 Wichita Trail
Frisco, Texas 75033
(214) 368-9300 - tele
(877) 846-3149 - fax
chad.norcross@norcrosslaw.com

**Attorney for Appellee,
CAROLYN TURNER**

COMES NOW, Appellee, Carolyn Turner, ("Appellee"), in the above-entitled action filing this her Motion to Dismiss Appeal for Lack of Jurisdiction pursuant to the Texas Rules of Appellate Procedure ("TRAP"), and in support thereof will respectfully show unto the court as follows:

## PROCEDURAL HISTORY

1. On November 20, 2024, the Honorable Judge of the trial court signed the Final Judgment in this matter.

2. On December 18, 2024, the Plaintiff/Appellant timely filed a Motion for New Trial.

3. Pursuant to TRAP 26.1(a), the filing of a Motion for New Trial extends the deadline for filing a Notice of Appeal ("NOA") from 30 days to 90 days from the date the judgment is signed. Therefore, the deadline to file an NOA in this case was February 18, 2025.

4. Additionally, Rule 26.3 of the TRAP provides a permissive 15-day grace period beyond the filing deadline, allowing an appellant to file an NOA with a reasonable explanation for the delay. To avail themselves of this extension, however, the appellant must expressly file the NOA and provide a reasonable explanation during the grace period.

5. The maximum period allowed for filing an NOA with an extension under TRAP 26.1(a) and 26.3 is 105 days from the date the judgment is signed. This resulted in a final deadline of March 5, 2025, in this case.

6. Plaintiff/Appellant failed to file the NOA within the 105-day period prescribed by TRAP 26.1(a) and 26.3. Instead, the NOA was filed 106 days after the judgment was signed, on March 6, 2025.

7. Because the filing deadlines for an appeal are jurisdictional, the failure to timely file an NOA deprives the appellate court of jurisdiction over this matter.

## LEGAL STANDARD

1. Pursuant to TRAP 26.1, the standard deadline to file an NOA in a civil case is 30 days after the judgment is signed unless a party files certain post-judgment motions, including a Motion for New Trial, which extends the timeline to 90 days. In such cases, the grace period provided under TRAP 26.3 permits an additional 15 days if the appellant files their NOA with a reasonable explanation of the delay.

2. TRAP 2 forbids courts from suspending filing deadlines to create appellate jurisdiction where none exists. Accordingly, a failure to comply with TRAP 26.1 or 26.3 is fatal to an appeal.

3. TRAP 10.5(b) requires that a motion for an extension of time must contain a reasonable explanation for the late filing of the NOA. The failure to meet the requirements of TRAP 26.3 and 10.5(b) negates the permissive grace period.

## ARGUMENT AND AUTHORITIES

1. Plaintiff/Appellant's March 6, 2025, filing of the NOA falls outside the combined 105-day period prescribed by TRAP 26.1(a) and 26.3. No motion for an extension of time accompanied by a reasonable explanation for the late filing was submitted within the grace period.

2. Because the 105-day period expired on March 5, 2025, without the filing of an NOA or a proper motion for an extension of time with a reasonable explanation, the appellate court lacks jurisdiction over the present appeal.

3. The Texas Rules of Appellate Procedure do not provide for any special exception or further extension for appellants proceeding as paupers that would apply to these jurisdictional timelines. There is no indication from the record that any such rule would otherwise render the appeal timely.

4. As a matter of law, once the jurisdictional filing deadline lapses, the appellate court is without authority to consider the merits of the appeal.

5. Lastly, this case was recently transferred from the Fifth Court of Appeals to the Fifteenth Court of Appeals. Jurisdictional requirements remain unchanged by such a transfer, and the analysis under TRAP 26.1, 26.3, and 10.5(b) applies regardless of the appellate venue.

**PRAYER**

WHEREFORE, PREMISES CONSIDERED, Appellee respectfully requests that this Court grant her Motion and dismiss Plaintiff/Appellant's appeal for lack of jurisdiction. Appellee also prays for any further relief to which she may be justly entitled.

Respectfully submitted,

NORCROSS LAW

By:*/s/ Chad A. Norcross*
Chad A. Norcross
SBN: 24039513
9288 Wichita Trail
Frisco, Texas 75033
Tel:     (214) 368-9300
Fax:     (877) 846-3149
chad.norcross@norcrosslaw.com

Attorney for Appellee

**CERTIFICATE OF CONFERENCE**


       This is to certify that I conferred with the Appellant's counsel, Gaylene Rogers Lonergan on May 1, 2025, and she indicated that she OPPOSES this motion. Tex. R. App. P. 10.1 (a)(5)

*/s/ Chad A. Norcross*
Chad A. Norcross




**CERTIFICATE OF SERVICE**

       This is to certify that on May 1, 2025, a true and correct copy of this document was served on Appellant's counsel, Gaylene Rogers pursuant to the Tex. R. App. P. 9.5.

*Via EServe*
Lonergan Law Firm, PLLC
12801 N. Central Expressway, Suite 150
Dallas, Texas 75234
grogers@loneganlaw.com

*/s/ Chad A. Norcross*
Chad A. Norcross

# Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Chad Norcross
Bar No. 24039513
chad.norcross@norcrosslaw.com
Envelope ID: 100335682
Filing Code Description: Motion
Filing Description: Motion to Dismiss Appeal for Lack of Jurisdiction
Status as of 5/1/2025 2:25 PM CST

Associated Case Party: Seed to Harvest Real Estate, LLC

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Gaylene RogersLonergan | | grogers@loneranlaw.com | 5/1/2025 2:18:13 PM | SENT |

Associated Case Party: Carolyn Turner

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Alicia Fernandez | | alicia.fernandez@norcrosslaw.com | 5/1/2025 2:18:13 PM | SENT |
| Jessica E.Mayfield | | jessica.mayfield@norcrosslaw.com | 5/1/2025 2:18:13 PM | SENT |
| Chad A.Norcross | | chad.norcross@norcrosslaw.com | 5/1/2025 2:18:13 PM | SENT |